# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| TOBY D. WILCOX,<br>    Plaintiff | Case No. 1:07-cv-554 |
| | Dlott, J. |
| vs | |
| OHIO PENAL INDUSTRIES, et al.,<br>    Defendants | **ORDER** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon

which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against the Ohio Penal Industries, and SOCF Supervisors Oral Gulley, William Lizak, and Dave Proehl.  The complaint alleges that on May 2, 2007, plaintiff was forced under threat of a disciplinary sanction to operate a "plainter" machine by defendant Gulley.  Plaintiff advised defendant Gulley that he had never been trained on the machine and did not know how to operate it.  Defendant Gulley allegedly told plaintiff to work on the machine or he would write a disciplinary ticket for disobeying a direct order and place plaintiff in solitary confinement.  When plaintiff attempted to operate the machine, he severed his fingertips.  Thereafter, when being interviewed by defendant Lizak, plaintiff was informed that the machine had not been in operational order and should never have been in use the day plaintiff was ordered to work.  Mr. Lizak allegedly told plaintiff that the repair work "should have been done long before" plaintiff was injured.  Plaintiff further alleges that defendants Proehl and Ohio Penal Industries were negligent in failing to maintain a safe work environment, and that defendant Proehl failed to make sure the rules were followed by his staff in the Ohio Penal Industries shop.  As relief, he seeks damages for his injuries.

Liberally construed, plaintiff's complaint against defendants Gulley and Lizak states a claim for relief for deliberate indifference to safety under the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).  Because it does not appear beyond doubt that plaintiff can prove no facts in support of his deliberate indifference to safety claims against these defendants,

plaintiff's complaint shall be permitted to proceed against these defendants.

However, plaintiff's complaint against defendant Proehl fails to state a claim for relief under § 1983. To the extent plaintiff alleges that defendant Proehl was negligent by failing to provide a safe work environment, mere negligence is insufficient to establish an Eighth Amendment violation. *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 n. 14 (1976)). To state a claim for relief under the Eighth Amendment for deliberate indifference to safety, plaintiff must allege facts showing that defendant Proehl acted with deliberate indifference to his safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991). A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Plaintiff's complaint fails to state a claim for relief under the Eighth Amendment because the complaint fails to allege any facts showing that defendant Proehl had prior knowledge of the machine's working condition and ignored the risk to inmate safety.

Moreover, to the extent plaintiff has named Mr. Proehl as a defendant in this matter because of the supervisory position he holds in the prison shop, plaintiff's complaint fails to state a claim for relief under section 1983. Plaintiff does not allege any direct participation by defendant Proehl in the unconstitutional actions of which he complains. A supervisor's failure to control or train the offender is not actionable under Section 1983 unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must allege facts showing that the official at least implicitly authorized,

3

approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999), *cert. denied,* 530 U.S. 1264 (2000) (quoting *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir.), *cert. denied,* 459 U.S. 833 (1982)). *See also McQueen,* 433 F.3d at 470; *Leary,* 349 F.3d at 903.  In this case, it appears that defendant Proehl was named as a defendant because of the supervisory position he holds in the prison shop.  However, the doctrine of *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability against defendant Proehl.  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied,* 509 U.S. 903 (1993).  Therefore, the complaint against defendant Proehl must be dismissed.

Plaintiff's claims against the Ohio Penal Industries must also be dismissed.  Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution as the Ohio Penal Industries is an agency of the State of Ohio.  *See Besser v. Seiter*, 1988 WL 103326, *1 (6th Cir. 1988) (citing *Alabama v. Pugh,* 438 U.S. 781 (1978) (per curiam)).

Accordingly, the Court concludes that plaintiff's complaint against defendant Proehl is subject to dismissal on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Plaintiff's complaint against defendant Ohio Penal Industries is dismissed because it seeks monetary damages from a defendant that is immune from such relief. Therefore, the claims against defendants Proehl and Ohio Penal Industries are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

With respect to the complaint against defendants Gulley and Lizak, it is **ORDERED** that the United States Marshal serve a copy of the complaint, summons, and this order upon defendants Gulley and Lizak as directed by plaintiff.  All costs of service shall be advanced by

the United States.

It is further **ORDERED** that plaintiff shall serve upon defendants Gulley and Lizak or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

It is further **ORDERED** that plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


        S/Susan J. Dlott
        Susan J. Dlott, Judge
        United States District Court