UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Toby Wilcox,
    Plaintiff

vs                                       Case No. 1:07-cv-554-SJD-TSH
                                            (Dlott, J.; Hogan, M. J.)

Ohio Penal Industries, Inc., et. al.
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion by defendants Oral Gulley and William Lizak to set aside the Clerk's Entry of Default (Doc. 12), defendants' motion for leave to file an Answer instanter (Doc. 13), plaintiff Toby Wilcox's motion for Default Judgment (Doc. 10), and the parties' responsive memoranda. (Docs. 14, 18, 19).

Pro se plaintiff Toby Wilcox, an inmate a Southern Ohio Correctional Facility, (SOCF), initiated this Prisoner Civil Rights Action on July 19, 2007, with the filing of a motion to proceed *in forma pauperis*, and the tendering of a civil Complaint. (Doc. 1). The Court granted plaintiff pauper status by Order dated July 27, 2007, (Doc. 2), and his Complaint was filed that same date. (Doc. 3). Summonses were issued for defendants Gulley and Lizak and sent to the United States Marshal for

service upon defendants, with copies of the Complaint, in accordance with the Court's Order regarding Service of Process. (Docs. 4, 6). The Court's CM/ECF docket entry on September 28, 2007, indicates that the Summonses were returned, with service having been executed on August 6, 2007. (See Doc. 7). Thus the Clerk's docket entry contains a notation indicating that "answer due 8/27/07." (Id.). However, a closer review of the United States Marshals Service's Process Receipt and Return form reveals that the Summonses and copies of the Complaint and Court's Order were sent to defendants at SOCF by certified mail, return receipt requested, and that the mail was "delivered per postal service website but green card has not been received." (Doc. 7). Thus, it appears that while the United States Marshals received confirmation of delivery of the certified mail to SOCF as of August 6, 2007, and so indicated on the Process Receipt and Return forms filed by the Clerk, neither the defendants, nor anyone acting on their behalf, had completed and returned the green card receipt indicating that the certified mail containing a Summons and Complaint had been received by either individual defendant.

On October 24, pro se plaintiff Wilcox filed an "Application/Declaration to Clerk for Entry of Default" (Doc. 8). On that same date, the Clerk of Courts entered default against defendants Gulley and Lizak pursuant to Fed. R. Civ. P. 55(a). (Doc. 9). On November 1, 2007, plaintiff filed a motion for Entry of Default Judgment against defendants Gulley and Lizak. (Doc. 10). On November 19, 2007 Lisa Eschbacher, Esq., entered a Notice of Appearance on behalf of defendants. (Doc. 11). Defendants subsequently filed a Motion to Set Aside Clerk's Entry of Default on November 19, 2007. (Doc. 12). On November 26, 2007, defendants Gulley and Lizak filed a Motion for Leave to File Answer Instanter. (Doc. 13).

Defendants move the Court to set aside the Entry of Default pursuant to Fed. R. Civ. P. 55(c). Defendants contend that while the Summonses and Complaint were received at SOCF through the mail in early August 2007, the named defendants were not personally served with the papers, nor did they receive notice of the action, until they received the paperwork from Betty Coleman, an administrative assistant in the SOCF Warden's Office, on October 29 and 30, 2007. Defendants argue that the default entry should be set aside because any failure to timely respond to the Complaint was not due to wilfulness or bad faith on the part of the defendants, plaintiff would not be prejudiced if the entry were set aside, and defendants have raised meritorious defenses in their proposed Answer. In support of their argument, the defendants have filed the Declaration of Betty Coleman who acknowledges that while the certified mail packages were received in her office, she failed to present them to the named defendants until late October 2007, after the Clerk's entry of default. (Doc. 12, Ex. A, att.).

Plaintiff contends that the default entry should not be set aside and argues that he has been prejudiced by the penal institution's wilful failure to serve defendants. Plaintiff argues in general terms that the delay occasioned by defendants' failure to respond to his Complaint prejudices his claims asserting constitutional violations under 42 U.S.C. § 1983. However, plaintiff does not set forth with specifically how the delay of approximately two months precludes him in any way from proceeding with this litigation or otherwise prejudices the § 1983 claims raised in his Complaint.

The Federal Rules of Civil Procedure require a defendant to serve an answer within twenty days of being served a summons and complaint. Fed. R. Civ. P.12

3

(a)(1)(A). Under Fed. R. Civ. P. 55, the Clerk of Courts may enter a default when a party fails to defend an action as required. *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). Fed. R. Civ. P. 55 provides in pertinent part:

> a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

After a default has been entered, Fed. R. Civ. P. 55(c) grants the litigant the right to petition the Court to set aside the default. The decision whether to set aside an entry of default is within the Court's discretion. *INVST Financial Group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987); *Johnson v. City of Detroit*, 892 F.2d 79 (unpubl.), 1989 WL 153550, at *2 (6th Cir. Dec. 20, 1989); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Court's exercise of its discretion should be based on its assessment of the circumstances and facts of the case and the credibility and good faith of the parties. *Enron*, 10 F.3d at 95. One such consideration is whether service of process was properly effected. "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of parties" *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976). Consequently, if service of process is not proper, the court must set aside an entry of default. *Omni Capital, Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

An entry of default may be set aside for good cause shown whereas a default judgment may be set aside only as provided for in Fed. R. Civ. P. 60(b). Fed. R. Civ.

4

P. 55(c). Thus, "a stricter standard applies for setting aside a default once it has ripened into a judgment." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003)(internal quotations and citations omitted). The Court enjoys wide latitude under the "good cause shown" standard of Fed. R. Civ. P. 55 to grant a defendant relief from the entry of default. *Id.* In addition to assessing the facts and circumstances of the case and the parties' good faith, the Court should consider the following three factors in determining whether to set aside a default entry: (1) whether the Plaintiff will be prejudiced; (2) whether the Defendant has a meritorious defense; and (3) whether culpable conduct of the Defendant led to the default. *INVST*, 815 F.2d at 398; *Berthelsen v. Kane*, 907 F. 2d 617, 620 (6th Cir. 1990).

In the present case, it does not appear that service of process was properly effected. Notwithstanding the September 28, 2007 entry by the Clerk that the summonses were returned executed, it does not appear that simply delivering certified mail packages to the SOCF institution, without the return of a green card receipt signed either by the addressee/defendants, or an authorized agent acting on their behalf, is sufficient under Fed. R. Civ. P. 4. *See O.J. Distributing*, 340 F. 3d at 354-55 (citing *LSJ Inv. Co. v. O.L.D. Inc.*, 167 F.3d 320, 322 )(6th Cir. 1999)(determination of whether there was adequate service is a question of law). In the absence of proper service of process, the Court is without jurisdiction to adjudicate this action and therefore the default entry should be set aside.

Assuming *arguendo* that service of process was proper insofar as the certified mail packages were received at SOCF on August 6, 2007, the Court finds that under

5

the applicable analysis, the default entry should nevertheless be set aside in this case. There is no evidence to support a finding that any culpable conduct on the part of the named defendants led to the entry of default. Moreover, defendants have a meritorious defense as set forth in their proposed Answer. Contrary to plaintiff's assertion, whether a defense is meritorious does not turn on whether defendant has a likelihood of success on the merits. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. *INVST Financial*, 815 F.2d at 398-99. Lastly, plaintiff has not demonstrated any prejudice which would result if the entry of default were set aside. On the contrary, given the Court's preference for resolving cases on the merits, the factors in this case clearly weigh in favor of setting side the entry of default.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to set aside the Entry of Default be GRANTED. The Court likewise recommends that, for good cause shown, defendants' motion for leave to file their Answer instanter be GRANTED. Because the Court recommends that the motion to set aside the Entry of Default be granted, the Court finds no legal or factual support for plaintiff's motion for default judgment, and therefore recommends that plaintiff's motion for default judgment be DENIED.

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Toby Wilcox,
    Plaintiff

vs                                    Case No. 1:07-cv-554-SJD-TSH
                                           (Dlott, J.; Hogan, M. J.)

Ohio Penal Industries, Inc., et. al.
    Defendants

## NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7-24-08. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

7

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Toby D. Wilcox
505-534
SOCF
PO Box 45699
Lucasville, OH 45699

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7007 1490 0001 0562 6943

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv554
Doc. 22