# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TOBY WILCOX,                                   Case No. 1:07-cv-554

    Plaintiff,                              Dlott, J.
                                            Bowman, M.J.

    v.

OHIO PENAL INDUSTRIES, et al.,

    Defendant.

## REPORT AND RECOMMENDATION

### I. Factual and Procedural Background

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, filed this prisoner civil rights action under 42 U.S.C. §1983 *pro se* and *in forma pauperis*[1] more than three and a half years ago, on July 19, 2007. Although some of Plaintiff's claims were dismissed *sua sponte* by this Court under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(b), Plaintiff's allegations against two individual Defendants, Oral Gulley and William Lizak, were construed as stating a claim for relief for deliberate indifference to safety under the Eighth Amendment. (Doc. 4 at 2).

Plaintiff alleges specifically that in May of 2007 Defendant Gulley instructed him to operate a "plainter" machine under threat of disciplinary action, despite Plaintiff's protestations that he had not been trained on the machine and did not know how to

---

[1] Pursuant to the Prison Litigation Reform Act, Plaintiff was directed on July 27, 2007 to pay the full filing fee of $350.00 through incremental payments. (Doc. 2). The first partial filing fee of $1.00 was not received until April 29, 2009, but the record reflects nine subsequent payments made on 9/16/09, 10/20/09, 11/18/09, 12/17/09, 5/21/10, 6/17/10, 7/14/10, 9/17/10, and 12/14/10.

operate it. When he attempted to operate the machine, Plaintiff severed his fingertips. Plaintiff further alleges that Defendant Lizak subsequently informed Plaintiff that the machine had not been in operational order and should never have been in use the day Plaintiff was ordered to work. (*Id.*).

After service of summons upon them, the two individual Defendants were directed to file an answer on August 27, 2007. When Defendants failed to timely appear, the Clerk filed an entry of default. (Doc. 9). Defendants subsequently appeared through counsel and moved to set aside the entry of default, asserting that service had not been perfected. (Doc. 12). At the same time, Plaintiff moved for entry of default judgment. (Doc. 10). The then-presiding magistrate judge, Judge Hogan, filed a Report and Recommendation (R&R) on July 24, 2008, recommending that: 1) Plaintiff's motion for default judgment be denied; 2) the Defendants' motion to set aside the entry of default be granted; and 3) Defendants' additional motion for leave to file their answer *instanter* be granted. (Doc. 22). Over Plaintiff's objection, Chief District Judge Susan J. Dlott adopted the R&R for the opinion of the Court on August 20, 2008. (Doc. 26). Thereafter, the Court set new calendar dates, with a discovery deadline of March 24, 2009 and a dispositive motion deadline of April 24, 2009. (Doc. 33).

Near the close of discovery on March 20, 2009, counsel for Defendant Gulley moved to dismiss that Defendant. Defendant's motion was based upon the death of Oral Gulley on October 16, 2008 and Plaintiff's failure to timely move for substitution of a proper party within ninety (90) days of the filing date of the Suggestion of Death. (Doc. 36). On November 4, 2009, Judge Hogan filed an R&R recommending that Defendant Gulley's motion to dismiss be denied, based solely upon a technical deficiency in defense counsel's

2

Suggestion of Death. (Doc. 43). The Court directed defense counsel to correct the deficiency by filing an amended suggestion of death, and subsequently granted Defendant's motion to extend the time to do so until December 8, 2009. (Doc. 46). The same R&R also denied Plaintiff's motion for this Court to name and substitute a successor as a party, explaining that Plaintiff would be required to identify the successor and to serve the estate or its representative as a successor party as required by Rule 25, Fed. R. Civ. P. (Doc. 43 at 3-4).

Defendant subsequently complied with the Court's order by filing an Amended Suggestion of Death on December 8, 2009. (Doc. 48). Although the Amended Suggestion of Death repeats the prior notice that Defendant Gulley died on October 16, 2008, to this date Plaintiff has never identified any proper party to substitute for the decedent, nor has Plaintiff served any successor with a motion for substitution.

On December 22, 2009, Judge Hogan called a status conference; Defendants appeared telephonically through counsel, but the *pro se* Plaintiff was unavailable. New defense counsel entered his appearance on June 18, 2010. (Doc. 51). On July 26, 2010, Defendant filed a "Notice of Compliance" under seal, reflecting compliance with the Court's instructions at the December 22, 2009 status conference to attempt to obtain the address of any personal representative of Defendant Gulley's estate. (Doc. 52). The Notice of Compliance explains that the estate does not have a personal representative. More importantly, Defendant argues that any issues regarding Defendant Gulley's liability would now be moot, since a claimant has only six months after the date of death to file any claim under Ohio law. *See* O.R.C. §2117.06(B).

In addition to the issues of Gulley's continued viability as a named party in light of

his 2008 death and Plaintiff's failure to timely move for substitution, Defendants previously sought an extension of time to file an additional dispositive motion following resolution of the issues concerning Defendant Gulley. (Doc. 37). The record reflects that Defendants' prior motion to enlarge the time for filing a motion for summary judgment or similar dispositive motion was never formally ruled upon; therefore, the undersigned will enlarge both parties' time for filing dispositive motions by separate order filed herewith.

## II. Analysis

It is clear that Defendant Gulley should be dismissed from this action, in light of that Defendant's death in October 2008, this Court's orders concerning the filing of an amended suggestion of death and Defendant's compliance therewith, and Plaintiff's subsequent failure to move for substitution of a proper party. In addition, under Ohio law Plaintiff had only six months after the date of death in which to file any claim against the estate. *See* O.R.C. §2117.06(B) and (C). The Court's prior R&R (Doc. 43) clearly indicated that the denial of Defendant's prior motion was due only to a technical deficiency, which could be (and was) timely remedied.

## III. Conclusion and Recommendation

As Defendant Gulley has remedied the original deficiency in the Suggestion of Death, and Plaintiff has failed to timely move for substitution or otherwise to timely bring a claim against the estate under Ohio law, **IT IS RECOMMENDED HEREIN THAT** Defendant Gulley be **DISMISSED**.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TOBY WILCOX,

    Plaintiff,

v.

OHIO PENAL INDUSTRIES, et al.,

    Defendant.

Case No. 1:07-cv-289

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).