**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Toby Wilcox,

    Plaintiff,

v.

Ohio Penal Industries, et al.,

    Defendants.

Case No. 1:07-cv-554

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initially filed this complaint against Ohio Penal Industries ("OPI"), OPI Supervisor Oral Gulley, OPI Supervisor Dave Proehl, and OPI Supervisor William Lizak pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1, Doc. 1-1 at 1). Defendants OPI and Supervisor Dave Proehl were dismissed upon initial review for failure to state a claim (Doc. 4 at 4, 5). Defendant Gulley was subsequently dismissed after his death.[1] (Doc. 69). Therefore, only Plaintiff's claims against Defendant William Lizak remain pending. Defendant Lizak has now filed a motion for summary judgment. Plaintiff has filed a response in opposition, to which Defendant has filed a reply.

Pursuant to local practice, Defendant's motion has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. § 636(b). For the reasons stated herein, I now recommend that Defendant's motion be granted and that the remainder of Plaintiff's claims be dismissed with prejudice.

---

[1] Plaintiff's appeal of the dismissal of Defendant Gulley was dismissed as interlocutory by the Sixth Circuit Court of Appeals on October 7, 2011.

## I. Factual and Procedural Background[2]

Plaintiff was assigned to work in the shoe shop while at OPI. He claims he was trained on use of the sewing machine, the glue machine, and the leather cutting machine. (Doc. 3 at 7). Plaintiff further alleges that on May 2, 2007, he was approached by Supervisor Gulley who told Plaintiff to go and work on the machine referred to as the "plainter" (sic). (*Id.*). Plaintiff alleges that he informed Supervisor Gulley that he did not know how to work the machine, but Supervisor Gulley threatened him with discipline if Plaintiff failed to obey his direct order. (*Id.*). Plaintiff observed other inmates using the machine and attempted to perform the same task. (*Id.*). When he reached for the board as it came out the other side, Plaintiff's hand became caught, resulting in the loss of two fingertips. (*Id.* at 8).

Plaintiff claims that he spoke to Defendant Lizak on May 29, 2007, about the accident. (*Id.* at 9). Plaintiff says that Defendant Lizak told him that the machine was not in operational order. (*Id.*). He further alleges that Defendant Lizak told him that "the plainter (sic) should never have been used since it was missing the part that catches the debris." (*Id.*). Following the incident, an "Inmate Accident Report" was filed. (Doc. 61-3). That report stated that the Plaintiff reached his hand into the moving part of the machine and that the machine grabbed his glove, resulting in the amputation of the tips of two fingers. (*Id.*).

Plaintiff filed a grievance on May 30, 2007, which was denied the following day. (Doc. 3-1 at 2-3). Plaintiff appealed to the Chief Inspector on June 6, 2007. (*Id.* at 4).

---

[2] To the extent that facts remain in dispute, they are viewed in the light most favorable to the Plaintiff, the non-moving party.

Plaintiff's complaint states that the result of his appeal is "not known." (Doc. 3 at 3). Plaintiff filed his complaint on July 27, 2007. (Doc. 3 at 4-5).

Defendant's motion for summary judgment seeks judgment as a matter of law for three reasons: 1) because Plaintiff failed to fully exhaust his administrative remedies in violation of the Prison Litigation Reform Act, 42 U.S.C § 1997(a)(e) (Doc. 61 at 4-6); 2) because Defendant cannot be held vicariously liable and took no deliberate action; and 3) because Defendant is entitled to qualified immunity. I conclude that the Defendant is entitled to judgment as a matter of law on the second and third stated grounds.

## II. Analysis

### A. Standard of Review

Rule 56(c)(2) of the Federal Rules of Civil Procedure states that summary judgment "should be rendered if…there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." All inferences are to be drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

However, the requirement that facts be construed in favor of the nonmoving party does not mean that the Court must find a factual dispute when the evidence contradicts the Plaintiff's allegations. After a moving party has met the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to present facts showing a genuine issue for trial. *Matsushuita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). In order to defeat the motion for summary judgment, the non-moving party must produce evidence that will support its complaint. *Anderson*, 477 U.S. at 249 (internal citation omitted).

### B. Defendant's Motion

#### 1. Failure to Exhaust

Defendant first argues that he is entitled to summary judgment based upon Plaintiff's failure to exhaust his administrative remedies pursuant to 42 U.S.C. §1997(e)(a). Defendant does not question the fact that Plaintiff complied with the prison grievance procedure by filing a formal grievance, and by attempting to appeal the initial denial of his grievance. However, Defendant argues that because Plaintiff filed his complaint prior to the denial of his administrative appeal, his claim was unexhausted under the PLRA at the time he commenced this lawsuit, and therefore must be dismissed.

Defendant's argument fails for two reasons. First, Defendant offers proof that the prison grievance procedure was not completed until July 23, 2007 when the Chief Inspector denied Plaintiff's administrative appeal. (Doc. 61-5 at 3). While it is true that Plaintiff tendered his complaint to this Court on July 19, 2007, four days prior to exhaustion of his prison appeal, the complaint was not actually filed by this Court until July 27, 2007 - four days *after* his administrative remedies were exhausted. (*See* Docs. 1, 3)

Even assuming that, for purposes of exhaustion, this Court should consider only the date the complaint was tendered, Plaintiff's response highlights a second flaw in Defendant's argument. Pursuant to Ohio Admin. Code § 5120-9-31(K)(3), the chief inspector was required to provide a written response within thirty calendar days of the receipt of Plaintiff's appeal. As Plaintiff states, he waited until more than thirty days had elapsed - with no word concerning his pending appeal - before filing this lawsuit. In

*Boyd v. Corr. Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004), the Sixth Circuit held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id.*

Federal courts, including the Sixth Circuit and this Court, have distinguished the failure to exhaust from cases where prisoner-plaintiffs did not file their federal suits until after prison officials failed to respond within the time limits set forth by the applicable grievance procedure. *See Boyd*, 380 F.3d at 996 (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) ("[W]e agree that the failure to respond to a grievance *within the time limits contained in the grievance policy* renders an administrative remedy unavailable[.]"), and *Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir. 1999) (per curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed *and the state's time for responding thereto has expired*.") (emphasis added)). *Compare Billups v. Ozmint,* No. 8:09-2560-CMC-BHH, 2010 WL 4386949, at *2 (D.S.C. Sept. 30, 2010) ("These cases seem to be limited to instances where the plaintiff files an action after the time to respond has elapsed and no response has been received."), *Ketzner v. Douglas*, No. 08-cv-13299, 2009 WL 1655004, at *2 (E.D. Mich., June 11, 2009) (distinguishing case from *Freeman* and finding exhaustion, based on plaintiff's filing his federal action after the time for the chief inspector to respond had expired), *and Taylor v. Doctor McWeeney*, No. 1:05-cv-155, 2005 WL 1378808, at *2 (S.D. Ohio May 27, 2005) (finding exhaustion where chief inspector failed to respond to appeal within months of indicating that additional time would be needed), *report and recommendation adopted*, (S.D. Ohio Oct. 27, 2005) (Dlott, J.) (unreported). Accordingly, I conclude based upon the record presented that Plaintiff sufficiently complied with the exhaustion

requirement of the PLRA by waiting until after the time had elapsed for a response to his administrative appeal before seeking relief from this Court.

**B. Failure to Allege Personal Misconduct**

Defendant's second argument is that he is entitled to summary judgment because he cannot be held vicariously liable for another's conduct, and because he took no personal action that could support a finding of liability under 42 U.S.C. §1983. This argument is persuasive.

While Plaintiff's injuries are serious, the sole remaining Defendant is entitled to judgment as a matter of law because Plaintiff's allegations against him are legally insufficient to grant the relief he seeks under 42 U.S.C. § 1983. As discussed in the Court's order of July 27, 2007, a claim of mere negligence is not actionable under the Eighth Amendment. *Bowman v. Corr. Corp. of America,* 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 n.14 (1976)). Rather, Plaintiff must prove that Defendant Lizak personally took some action to cause Plaintiff's injuries.

A review of the complaint shows that most of Plaintiff's allegations concern the actions of his late supervisor, Oral Gulley. It was Gulley, for example, who Plaintiff alleges ordered him to operate a machine on which Plaintiff had no training, and who was sleeping instead of supervising the inmates at the time of the accident. (Doc. 3 at 8-9). By contrast, Defendant Lizak was not even present in the shop at the time. However, the claims against Gulley were dismissed following his death, and only Lizak remains as a Defendant.

In order for a 42 U.S.C. § 1983 claim to be actionable, a plaintiff must allege that the named defendant "either encouraged the specific incident of misconduct or in some

other way directly participated in it." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Section 1983 does not permit a defendant to be held liable merely based upon a failure to supervise. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Rather, a plaintiff seeking relief under §1983 must prove personal conduct by the state official. *Id.,* 199 F.3d at 300. Liability cannot be based upon a failure to act, but rather must "be based upon active unconstitutional behavior." *Id. (citing Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, in this case, Plaintiff must show that Defendant Lizak "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Hays,* 668 F.2d at 874. A simple awareness of a violation is not enough to sustain suit. *See Shehee*, 199 F.3d at 300.

Plaintiff alleges in his complaint that Defendant Lizak "is a supervisor [who] ...is legally responsible for the overall operation of the ...machines." (Doc. 3 at 6). However, in support of summary judgment, Defendant has filed an affidavit in which he attests that he "had no responsibilities for ordering machines or maintaining machines that were used by the shoe shop at SOCF," and that he "was not responsible for the operation of the planer used in the shoe shop." (Doc. 61-1 at 2). Plaintiff has filed no affidavits or other evidence contradicting Defendant's sworn statements; therefore, they are accepted as uncontradicted insofar as this Court finds that Defendant had no responsibility to maintain the planer machine.[3]

Plaintiff's complaint additionally alleges that Defendant Lizak interviewed Plaintiff nearly four weeks after the accident and "told Plaintiff that the machine was not in operational order even though it was still being used" at the time of the accident, and

---

[3] The affidavits attached to Defendant's motion suggest that the person charged with ordering the planer and maintaining it was David Proehl. (*See* Doc. 61-2).

that the machine "should never have been used since it was missing the part that catches" debris from the machine. (Doc. 3 at 9). Plaintiff alleges that "Lizak had previous knowledge about the inproper (sic) machine and did nothing," and therefore exhibited deliberate indifference to Plaintiff's right of safety. (*Id.*).

Under controlling Sixth Circuit precedent, Plaintiff's allegations are insufficient, particularly in light of the additional and uncontested facts stated in the affidavits attached to Defendant's motion. The only allegations present in *Shehee*, similar to the present case, were that the defendants "fail[ed] to intervene" and "fail[ed] to remedy the…behavior." *Shehee*, 199 F.3d at 300. Similarly, just as in *Shehee*, "there is no allegation that [the defendant] directly participated, encouraged, authorized or acquiesced" in any of the actions that took place. *Id.*

On the facts presented, the only personal involvement that Defendant Lizak is alleged to have had was training prison employees who were supervising inmates. Defendant Lizak admits that he conducted such training on occasion. (Doc. 61-1 at ¶ 6). Even viewing the facts in the light most favorable to the Plaintiff, Plaintiff's argument that Defendant Lizak had "knowledge that the planer machine was not in the proper working order and allowed inmate after inmate to operate the machine" is insufficient to support liability. (Doc. 70 at 4). Defendant unquestionably did not have any responsibility for maintaining the planer machine, for assigning Plaintiff to work on it, or for any day-to-day operations in the shop. The Defendant's alleged knowledge of the machine's defective condition[4] is not enough to prove that he was deliberately indifferent to Plaintiff's safety, given that he had no responsibility for maintenance or for

---

[4] In contrast to the allegations contained in the complaint, Defendant's affidvait specifically denies any knowledge that the planer was not in good working condition. (Doc. 61-1 at 2).

8

day-to-day operation of the machine. Defendant Lizak is entitled to summary judgment because he did not personally take any action for which personal liability would attach. *See Hays v. Jefferson County, Ky.,* 668 F.2d at 874.

### C. Qualified Immunity

As a government official sued in his individual capacity, the Defendant is also entitled to qualified immunity. In addition to failing to offer any evidence of personal action taken by the Defendant that could subject him to liability, Plaintiff cannot overcome this defense. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

Under 42 U.S.C. § 1983, a public employee that is subjected to a § 1983 action in his individual capacity can establish qualified immunity if it is shown that: (1) the parameters of the federal right at issue were not sufficiently clear at the time the defendant acted; or (2) it was not clear whether an exception to the interest asserted by plaintiff permitted the defendant's acts; or (3) even if contour of the asserted right was clearly delineated, it was objectively reasonable for the defendant to believe that his acts did not violate those rights. *Barrett v. Harrington*, 130 F.3d 246, 264 n. 29 (6th Cir. 1997)(internal quotation marks and additional citations omitted). Defendant Lizak claims that it was reasonable for him to believe that his actions did not violate an established constitutional right. The Court agrees.

In order to allege a violation of a right, it must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). That is to say that "in the light of pre-existing law the unlawfulness must be apparent." *Id.* However, precedent shows that the actions alleged by Plaintiff are not unlawful.

The Supreme Court has held that a prison official violates a prisoner's Eighth Amendment rights only if two requirements are met. For a claim that alleges a failure to prevent harm, the inmate first "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Under *Helling*, this includes the requirement that "prison officials are deliberately indifferent to his plight." *Helling*, 509 U.S. at 35. The second requirement under *Farmer* requires a plaintiff to show that a prison official exhibited "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). *Farmer* refused to establish a bright-line rule for deliberate indifference, instead holding that "a prison official cannot be found liable under the Eighth Amendment…unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.,* 511 U.S. at 837.

Under this test, it is apparent that Defendant Lizak's actions did not amount to an Eighth Amendment violation. The guidelines of the Eighth Amendment rights are clearly established through case law, and under these guidelines, it was reasonable for Defendant Lizak to believe that his actions did not violate a right. All that is alleged by Plaintiff is that "Mr. William Lizak had previous knowledge" about the defective machine and that he failed to act. (Doc. 3 at 9). Absent evidence that Lizak had the authority and responsibility to act, this is not enough to establish a constitutional violation. Since there is no deliberate indifference to Plaintiff's safety by Defendant Lizak, it was reasonable for Defendant Lizak to believe that he was not violating Plaintiff's Eighth Amendment rights.

Since it was reasonable for Defendant Lizak to believe he was not violating Plaintiff's Eighth Amendment rights, the requirement for qualified immunity under 42 U.S.C. § 1983 is satisfied. Thus, Defendant Lizak is immune from suit based upon the facts alleged. *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

### III. Conclusion and Recommendation

As Plaintiff has not shown any personal liability on the part of Defendant Lizak, and because Defendant Lizak is entitled to qualified immunity, **IT IS RECOMMENDED** that the Defendant's Motion for Summary Judgment (Doc. 61) be **GRANTED** and that this case be dismissed with prejudice from the active docket of this Court.

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Toby Wilcox,                                   Case No. 1:07-cv-554

    Plaintiff                               Dlott, J.
                                         Bowman, M.J.

    v.

Ohio Penal Industries, et al.,

    Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).